FILED
2018 Oct-10 PM 02:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| Glenda Dunn, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| Ad Astra Recovery Services, Inc., a Nevada corporation, | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Glenda Dunn, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Glenda Dunn ("Dunn"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed to a payday loan/internet lender.

4. Defendant, Ad Astra Recovery Services, Inc. ("Ad Astra"), is a Nevada corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted

consumer debts.  Defendant Ad Astra operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama.  In fact, Defendant Ad Astra was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Ad Astra is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A.  In fact, Defendant Ad Astra conducts business in Alabama.

## FACTUAL ALLEGATIONS

6. On July 11, 2018, Ms. Dunn filed a Chapter 7 bankruptcy petition in a matter styled In re: Dunn, N.D. AL. Bankr. No. 18-02823-DSC7.  Among the debts listed on Ms. Dunn's Schedule F was a debt that she allegedly owed to Speedy Cash, see, Schedule F attached as Exhibit B.

7. Accordingly, on July 12, 2018, Speedy Cash was sent, via electronic transmission, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit C.

8. Moreover, Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

9. Nonetheless, Defendant sent Ms. Dunn collection letters, dated August 6, 2018 and September 7, 2018, demanding payment of the Speedy Cash debt she

allegedly owed prior to the bankruptcy.  Copies of these collection letters are attached as Group Exhibit D.

10. Moreover, Defendant made a negative credit report about the debt on Ms. Dunn's TransUnion report, which report also clearly lists the prior filed bankruptcy.  See, TransUnion Credit Report, Credit Monitoring, attached as Exhibit E.

11. Defendant's violations of the FDCPA were material because Defendant's continued collection communications after she had filed for bankruptcy made Plaintiff believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA.

12. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the

character, amount or legal status of any debt, as well as the reporting of false credit information, see 15 U.S.C. § 1692e(2)(A) and (8).

16.     Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

17.     Moreover, submitting a false negative credit report further violates § 1692e of the FDCPA.

18.     Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

19.     Plaintiff adopts and realleges ¶¶ 1-13.

20.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

21.     Here, the bankruptcy and the notice issued by that court (Exhibit C), provided notice to cease communications and cease collections.  By communicating regarding this debt and demanding payment, despite Plaintiff's bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

22.     Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Glenda Dunn, prays that this Court:

1.  Find that Defendant's form collection actions violate the FDCPA;

2.  Enter judgment in favor of Plaintiff Dunn, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Glenda Dunn, demands trial by jury.

                                    Glenda Dunn,

                                    By: /s/ David J. Philipps_____
                                    One of Plaintiff's Attorneys

                                    By: /s/ Bradford W. Botes_____
                                      One of Plaintiff's Attorneys

Dated:  October 10, 2018

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps     (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 802-2209 (FAX)
bbotes@bondnbotes.com